

-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

OTIS MICHAEL BRIDGEFORTH, 07-A-6695,

                    Plaintiff,

                                                    **DECISION AND ORDER**
        -v-                                          08-CV-6349Fe

AMIR ZAID,
Correctional Officer G. GEORGE, and
Sergeant LATONA,

                    Defendants.

_____

        Plaintiff Otis Michael Bridgeforth, an inmate proceeding *in forma pauperis*,

has filed a civil action seeking relief pursuant to 42 U.S.C. § 1983.   In his original

complaint, plaintiff named Correctional Officer G. George, and Sergeant Latona,

and an inmate Amir Zaid, and alleged that the defendants caused plaintiff to be

assaulted in his cell.   The original complaint was sparse but the Court permitted

the complaint to go forward as against all three defendants because it was not

clear whether Zaid was alleged to be acting jointly with the state employees.

        Plaintiff has now filed an Amended Complaint that provides greater detail

and clarifies the circumstances under which he claims he was assaulted.[1]   The

Amended Complaint  has been reviewed pursuant to 28 U.S.C. §§ 1915(e) and

--------------------------------------------------

        [1]Plaintiff submitted papers that constituted an entire new action, Civil Action No. 08-CV-6438, but later
informed the Court that the papers were intended to be an Amended Complaint in this action. Therefore, Civil
Action No. 08-CV-6438 was administratively closed and the Amended Complaint filed in this action.



1915A.  In the Amended Complaint, plaintiff names the following defendants, located at Collins Correctional Facility: inmate Amir Zaid, Lieutenant Latona, Correctional Officer G. George, Correctional Officer Loretto, RN Singleton, Correctional Officer M. Turner, Sergeant Williams, Deputy Superintendent of Security P. Greis, and Deputy Superintendent of Administration S. Gasiewicz. For the reasons discussed below, several of the claims in the Amended Complaint are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of the Amended Complaint.  The Court shall dismiss a claims that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a); see also *Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007).  In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor.  See *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson, v. Pardus,* —

2



U.S. — , 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. —, —, 127 S.Ct. 1955, 1959 (2007) (internal quotation marks and citation

omitted); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing

pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to

be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must

be held to less stringent standards than formal pleadings drafted by lawyers."

*Erikson,* 127 S.Ct. at 2200 (internal quotation marks and citations omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid

claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct

(1) was attributable to a person acting under color of state law, and (2) deprived

the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of

the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997)

(citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its

evaluation of the complaint, the Court finds that some of plaintiff's claims must be

dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they

fail to state a claim upon which relief may be granted.

**A.    Claims Against Amir Zaid**

In the original complaint, the Court did not have sufficient information to

determine whether there was state action on the part of inmate Amir Zaid. In

reviewing the additional details provided in the Amended Complaint, however, it is

clear that plaintiff is alleging that Officer George and Lieutenant Latona failed to

protect him from Zaid, both by allowing Zaid to have access to plaintiff's cell and by failing to promptly intervene in the assault. However, there is no allegation that Zaid was acting in concert with the state defendants. Therefore, Zaid, an inmate, was not "jointly engaged with state officials in the prohibited action" or a "willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Instead, plaintiff simply alleges that the Officers knew of Zaid's past assaultive behavior and therefore should have protected him. Because Zaid is a private person and not a state actor, and because there is no allegation that he was acting in concert with the state actors, the § 1983 claims cannot proceed against him.[2] Accordingly, the claims against Amir Zaid are hereby dismissed.

## B. Plaintiff's New Claims

### i. Claims Against Officer Turner and Deputy Superintendent Gasiewicz

In the Amended Complaint, plaintiff alleges that on June 28, 2008, Officer Turner falsely accused him of possessing contraband, which resulted in a Tier III hearing before Deputy Superintendent Gasiewicz. Plaintiff claims that as a result of this incident he received a false misbehavior report. Taking as true plaintiff's allegation that the misbehavior report was inaccurate or even deliberately falsified,

---

[2]By including the additional allegations surrounding the complained-of event, plaintiff has effectively "pleaded himself out of court." *See Germany v. N.Y.S. D.O.C.S.*, Not Reported in F.Supp.2d, 2003 WL 22203724 (S.D.N.Y. 2003) (citing *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir.1995) (explaining that a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even while under no obligation to plead such facts).

the allegation does not state a constitutional violation because an inmate has no constitutional immunity from being falsely written up. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988); *Husbands v. McClellan*, 957 F. Supp. 403 (W.D.N.Y. 1997). The only constitutional violation that could occur in this situation is if plaintiff were not provided adequate due process in any proceeding which is based upon the misbehavior report. In that case, the claim is not based on the truth or falsity of the misbehavior report but instead on the conduct of the hearing itself. Accordingly, plaintiff's due process claims against Deputy Superintendent Gasiewicz may go forward, but plaintiff's false report claims against Officer Turner are dismissed.

Additionally, to the extent that plaintiff is raising Fourth Amendment claims regarding Officer Turner's alleged cell search, such claims are dismissed as well. It is well-settled that the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. *See Hudson v. Palmer*, 468 U.S. 517, 527-528 (1984). As the Supreme Court stated, "[t]he recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Id.; and see Willis v. Artuz*, 301 F.3d 65 (2d Cir. 2002) (declining to extend the protections afforded to pre-trial detainees to convicted inmates).

### ii.   Defendants Correctional Officer Loretto, RN Singleton, Sergeant Williams, and Deputy Superintendent of Security P. Greis

In order for plaintiff to establish a claim against a defendant in a § 1983 action, plaintiff must allege that the defendant had some personal involvement in the allegedly unlawful conduct. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Plaintiff lists Defendants Correctional Officer Loretto, RN Singleton, Sergeant Williams, and Deputy Superintendent of Security P. Greis in the beginning of his Second Claim, but he has not made specific allegations about the involvement of these defendants in the Second Claim. Moreover, plaintiff makes no allegations about these defendants anywhere in the Amended Complaint, and these defendants are not implicated by the exhibits attached to the Amended Complaint. Accordingly, there is no claim against them and Correctional Officer Loretto, RN Singleton, Sergeant Williams, and Deputy Superintendent of Security P. Greis are terminated as defendants to this action.

### CONCLUSION

For the reasons discussed above, plaintiff's claims against Amir Zaid, Correctional Officer Turner, Correctional Officer Loretto, RN Singleton, Sergeant Williams, and Deputy Superintendent of Security P. Greis are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and these defendants are terminated as parties to this action. The U.S. Marshal is directed to serve the summons and Amended Complaint on Lieutenant Latona, Correctional Officer G. George, and Deputy Superintendent of Administration S.

Gasiewicz regarding the remaining Eighth Amendment failure to protect claims and Fourteenth Amendment denial of due process during the disciplinary hearing claims.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's Amended Complaint is the operative pleading for this action;

FURTHER, that plaintiff's claims against Amir Zaid, Correctional Officer Turner, Correctional Officer Loretto, RN Singleton, Sergeant Williams, and Deputy Superintendent of Security P. Greis are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Amir Zaid, Correctional Officer Turner, Correctional Officer Loretto, RN Singleton, Sergeant Williams, and Deputy Superintendent of Security P. Greis as parties to this action;

FURTHER, that the Clerk of the Court is directed to amend the caption to reflect the addition of defendant Deputy Superintendent of Administration S. Gasiewicz;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon Lieutenant Latona, Correctional Officer G. George, and Deputy Superintendent of Administration S. Gasiewicz without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that to the extent that the original complaint has not yet been served, the service directed in the October 20, 2008 order is no longer required and to the extent that the original complaint has already been served, the defendants no longer need answer the original complaint; and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the Amended Complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:    Dec. 15 , 2008