-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

OTIS MICHAEL BRIDGEFORTH, 07-A-6695,

Plaintiff,

-v-

LATONA, S. GASIEWICS, and
G. GEORGE,

Defendants.

_____

**DECISION AND ORDER**
08-CV-6349Fe

Plaintiff Otis Michael Bridgeforth, an inmate proceeding pro se filed a complaint which the Court Ordered to be served on October 20, 2008 (Docket No. 3). Subsequently, plaintiff filed an Amended Complaint. Upon review, some of the claims in the Amended Complaint were dismissed and service was ordered on December 15, 2008. Prior to service of his Amended Complaint, plaintiff filed papers labeled a "Motion for Interlocutory Summary Judgment" (Docket # 7), together with supporting papers.[1] The Federal Rules of Civil Procedure do not provide for an interlocutory motion for summary judgment. The motion is, therefore, denied.

Upon review of the papers, however, it appears that plaintiff may have been seeking reconsideration of the December 15, 2008 Order. Because the

_____

[1]Plaintiff submitted similarly-captioned motions in Civil Docket Nos. 08-CV-6471Fe and 08-CV-6322Fe.

Order of December 15, 2008 did not dismiss all of the claims in plaintiff's action, the Court deems plaintiff's submission to be a motion under Fed.R.Civ.P. 54(b), which permits the revision of an order or decision at any time before the entry of an order adjudicating all the claims and the rights and liabilities of all the parties. Under Rule 54(b), the decision to reconsider an interlocutory order, such as the Order, is within the sound discretion of the Court.

The Court has reviewed plaintiff's motion and the arguments he raises. With respect to the proper title of Defendant Latona, plaintiff has identified this defendants both as Sergeant and as Lieutenant.  Service of the Summonses and Complaint is currently being attempted on this individual.  If further clarification become necessary or service becomes a problem, the Court will direct discovery on the question.

With respect to the claims against Turner, Loretto, Singleton, Williams and Greis, which have been dismissed, nothing in plaintiff's motion for reconsideration provides a basis for the Court to grant relief from the Order.  The Court took the allegations in plaintiff's Amended Complaint to be true and read the pleading broadly.  Nevertheless, these claims have been properly dismissed for the reasons discussed in the December 15, 2008 Order.

With respect to the claim against inmate Zaid, plaintiff now alleges that Zaid received tobacco and a "level 2" transfer from G. George and Latona.  Zaid is a private citizen.  Even with the additional facts alleged, Zaid's actions do not

2

constitute state action on his part. To establish that Zaid's conduct was "under state law" for the purposes of § 1983, plaintiff needs to provide facts that support his claim that the Officers and Zaid entered into an agreement and/or jointly determined to violate plaintiff's civil rights. Simply alleging that Zaid was favored by the Officers, and that the Officers should have known of, and protected plaintiff from, Zaid's violent nature is not sufficient to set forth a § 1983 claim against Zaid. Accordingly, plaintiff's motion is denied.

Nevertheless, in light of plaintiff's additional allegations contained in the motion to reconsider, the Court will permit plaintiff to amend his complaint if he so chooses. Plaintiff may submit a proposed amended complaint in which he more fully details his claim against Zaid – including all facts that tend to support plaintiff's contention that Zaid's actions were so closely in concert with the state defendants as to amount to state action, and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff is reminded that any amended complaint would be subject to review pursuant to 28 U.S.C. §§ 1915 and 1915A.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting International

Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)); *see also* Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).

Therefore, plaintiff's proposed amended complaint must include **all** of the allegations against Lieutenant Latona, Correctional Officer G. George, and Deputy Superintendent of Administration S.  Gasiewicz regarding the remaining Eighth Amendment failure to protect claims and Fourteenth Amendment denial of due process during the disciplinary hearing claims.

IT IS SO ORDERED.

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:        *Feb. 12* , 2009